## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRIS ELROY LOVELESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-00594-JD |
| | ) | |
| GRADY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield. [Doc. No. 9]. Judge Maxfield recommends that the Court dismiss Plaintiff Chris Elroy Loveless's complaint [Doc. No. 1]. Mr. Loveless filed a timely objection. [Doc. Nos. 10, 11]. Upon de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation as modified herein and dismisses the complaint.

## I.    BACKGROUND

At the time Mr. Loveless filed this pro se action under 42 U.S.C. § 1983, he was a pretrial detainee at the Grady County Detention Center. Mr. Loveless has since pleaded guilty to one count of trafficking in illegal drugs, two counts of possession of a controlled dangerous substance with intent to distribute, and one count of intimidation of a witness.[1]

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Accordingly, the Court takes judicial

Loveless's complaint names the following defendants:

- The Grady County Sheriff's Department ("Sheriff's Department");

- The Grady County District Attorney's Office ("District Attorney's Office");

- The Grady County District Court Clerk ("Court Clerk");

- Jeff Sifers,[2] Grady County Assistant District Attorney, in his individual and official capacities;

- Jim Peek, Grady County Sheriff's Deputy, in his individual and official capacities; and

- Jason M. Hicks, Grady County District Attorney, in his individual and official capacities.

[Doc. No. 1 at 1, 3–4].[3]

---

notice of the dockets in Mr. Loveless's state criminal proceedings in the District Court of Grady County, Oklahoma. *See State v. Loveless*, Case No. CF-2022-00165, available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2022-165 (last accessed Feb. 28, 2026); *State v. Loveless*, Case No. CF-2024-00089, available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2024-89 (last accessed Feb. 28, 2026).

[2] While it is spelled "Jeff Siefers" in some filings in this § 1983 action, *see, e.g.*, [Doc. No. 1 at 3], the correct spelling is "Jeff Sifers" based on other § 1983 cases Mr. Loveless has filed in this Court. *See Loveless v. Sifers, et al.*, Case No. 24-cv-00696-JD (dismissed on May 22, 2025, under 28 U.S.C. § 1915A); *Loveless v. Grady Cnty. Det. Ctr.*, Case No. 24-cv-00879-JD (dismissed on May 30, 2025, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A); *Loveless v. Grady Cnty. Dist. Att'ys Off.*, Case No. 24-cv-00992-JD (dismissed on May 22, 2025, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A). Thus, the Court will use Sifers in this Order and directs the Clerk of Court to correct the spelling of his name on the docket.

[3] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

Against the Sheriff's Department and Defendant Peek, Loveless raises claims under the Fourth, Fifth, and Fourteenth Amendments, alleging that Defendant Peek executed a "bogus" search warrant that resulted in an illegal search that deprived Loveless of his due process rights. *Id.* at 6, 8, 10–11, 19, 24–25. Loveless also alleges that Defendant Peek "feloniously created briefs incident reports fact reports after the execution of the 'forged bogus' search warrant, suggesting and implying a person named Morgan Lee Roberts contacted him," even though Morgan Lee Roberts signed an affidavit stating that she never spoke with Defendant Peek. *Id.* at 11. In addition, Loveless raises a claim of false arrest against the Sheriff's Department and Defendant Peek, as well as an excessive force claim against the Sheriff's Department. *Id.* at 12, 16.

Loveless brings claims against the District Attorney's Office and "Attorney's of Record" under the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 8. Loveless alleges that the District Attorney's Office "intentionally, unlawfully, willingfully [sic], wrongfully, and feloniously creat[ed] and design[ed] false and frivolous statements" against him, which resulted in a malicious prosecution against him without probable cause. *Id.* at 12, 18. Further, Loveless alleges, the District Attorney's Office made "extrajudicial comments that have substantial likelihood of heightening public condemnation of the Plaintiff." *Id.* at 13. Loveless also alleges that the District Attorney's Office violated the Eighth Amendment by revoking Loveless's bail because he allegedly violated a non-existent bail condition, and the District Attorney's Office falsely arrested Loveless when they charged him with intimidation of a witness. *Id.* at 14–15, 26.

Loveless claims that the District Attorney's Office and Court Clerk violated the

Eighth Amendment by "knowingly, willfully, and feloniously . . . using unreasonable authority for false arrest, false imprisonment, intentional mental abuse, using and threating [sic] with prison time, excessive bail, and stacking charges and bail revocation condition violations that do not exist and can not be supported." *Id.* at 26. Lastly, Loveless brings against all defendants various state-law claims related to the same set of facts giving rise to his federal claims. *Id.* at 18–23.

For relief, Loveless seeks $10 million in damages for his claims against Defendant Peek and the Sheriff's Department, and he requests either $28 or $18 million for his claims against the District Attorney's Office and Court Clerk. *Id.* at 8–9, 26, 29. The complaint seeks only monetary damages; Loveless does not request any injunctive or declaratory relief.

Judge Maxfield recommends dismissing Loveless's complaint in its entirety. R. & R. at 17. The R. & R. recommends dismissing the claim against the Sheriff's Office because it is not a suable "person" in a suit for damages under § 1983. *Id.* at 6–7. The R. & R. recommends dismissing the claims against the Court Clerk because the complaint fails to allege how she personally participated in any constitutional violation and, alternatively, she is entitled to "derivative" judicial immunity for any judicial functions. *Id.* at 8–9. The R. & R. recommends dismissing the claims against the District Attorney's Office because it enjoys the state's sovereign immunity, and the R. & R. recommends dismissing the claims against Defendants Sifers and Hicks in their individual capacities because they have prosecutorial immunity and Loveless has failed to state a claim against them. *Id.* at 9–11. As for Defendant Peek, Judge Maxfield

recommends dismissing the claims against him in his individual and official capacities because Loveless's false arrest claim is barred by his guilty plea, his unreasonable search claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims against him. *Id.* at 12–16.

Loveless filed two timely objections. [Doc. Nos. 10, 11]. Loveless also filed exhibits, *see* [Doc. No. 12], which are documents filed as part of the public record in his two Grady County District Court criminal cases. *Supra* n.1. He also has recently updated his address with the Court. [Doc. Nos. 13, 14, 15].

## II.    <u>LEGAL STANDARDS</u>

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

Judge Maxfield recommends dismissal of this action pursuant to 28 U.S.C.

§§ 1915A(a) and 1915(e)(2)(B)(ii), which require dismissal of a civil action filed by a

prisoner who is proceeding in forma pauperis if the complaint fails to state a claim on

which relief may be granted. The same standard applies to dismissals under these

provisions as dismissals for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Thus, the complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court

accepts the well-pleaded facts alleged as true and views them in the light most favorable

to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice," and the Court must "draw on its judicial experience and common sense" to

determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–

79.

Loveless is proceeding pro se, so his "pleadings are to be construed liberally and

held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, "a pro se plaintiff requires

no special legal training to recount the facts surrounding his alleged injury, and he must

provide such facts if the court is to determine whether he makes out a claim on which

relief can be granted." *Id.* "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

III.    <u>ANALYSIS</u>

     **A.**    **The Sheriff's Department and District Attorney's Office are not "persons" who can be sued for monetary damages under § 1983.**

     Mr. Loveless seeks monetary damages against the Sheriff's Department, the District Attorney's Office, and Defendants Sifers and Hicks in their official capacities. In his objection, Mr. Loveless argues that the Sheriff's Department is a suable "person" under § 1983 because it knew of previous misconduct by Defendant Peek and maintained his employment anyway. [Doc. No. 10 at 8–12].

     Section 1983 provides a federal cause of action against "every *person* who," under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). Sheriff's offices are governmental sub-units that are not suable "persons" under § 1983. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (unpublished) ("Plaintiff has attempted to sue a number of entities . . . that are not legally suable entities, *e.g.*, . . . the Carter County Sheriff's Department.").

Likewise, states and "entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" who are subject to suit under § 1983 for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). District attorney's offices are considered arms of the state, so they are not "persons" under § 1983. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1153–54 (10th Cir. 2001) ("[U]nder Oklahoma law, a district attorney is an arm of the state . . . ."). Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. Accordingly, Loveless's suit against Defendants Hicks and Sifers in their official capacities operates as a suit against the District Attorney's Office and, consequently, the State of Oklahoma. The District Attorney's Office and Defendants Hicks and Sifers in their official capacities are not suable "persons" in § 1983 suits for monetary damages.

Therefore, Mr. Loveless's claims against the Sheriff's Office, the District Attorney's Office, and Defendants Sifers and Hicks in their official capacities are dismissed with prejudice.[4] *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*,

---

[4] The Court modifies the R. & R. to clarify that it is not dismissing the claim against the District Attorney's Office on grounds of immunity. The Supreme Court has explained that "in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration," but, ultimately, "the scope of the Eleventh Amendment and the scope of § 1983 are . . . separate issues." *Will*, 491 U.S. at 66–67. The "statutory question [is] 'logically antecedent to the existence of' the Eleventh Amendment question," and "there is no realistic possibility that addressing the statutory question will expand the Court's power beyond the limits that the jurisdictional restriction has imposed." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000). "This combination of logical priority and virtual coincidence of scope makes it possible, and indeed appropriate, to decide the statutory issue first." *Id.* at 779–80. With this guidance in mind, the Court dismisses the claim against the District

107 F.4th 1121, 1135 (10th Cir. 2024) (affirming a district court's dismissal with prejudice on grounds that state defendants were not suable "persons" under § 1983); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1237, 1242 (10th Cir. 1999) (same).[5]

## B.    Loveless has failed to state a claim against the Court Clerk.

Judge Maxfield recommends dismissing Mr. Loveless's claims against the Court Clerk because the complaint "fails to allege what specific actions taken by Defendant Court Clerk violated his constitutional rights, instead broadly alleging that Defendant Court Clerk has falsely imprisoned him, set excessive bail, threatened him with prison time, and stacked charges against him." R. & R. at 8. Mr. Loveless objects that the Court Clerk personally participated in violating Loveless's rights by following the instructions of Defendant Sifers and "viewing private citizen information and then divulging information to the District Attorney's Office A.D.A.," Jeff Sifers. [Doc. No. 10 at 14].

---

Attorney's Office because it is not a suable "person" under § 1983; the Court need not address the sovereign immunity issue. Accordingly, Loveless's reliance on *Ex parte Young*, 209 U.S. 123 (1908), which is an exception to states' sovereign immunity, is misplaced. *See* [Doc. No. 10 at 16–17].

[5] *See also Wolf v. N.M. Dep't of Corr.*, No. 23-cv-1120-JCH-KBM, 2024 WL 2396852, at *2 (D.N.M. May 22, 2024) (dismissing the plaintiff's § 1983 claims against New Mexico Department of Corrections "with prejudice" because the New Mexico Department of Corrections was "not a person subject to suit under § 1983" (citation modified)); *Buchanan v. Oklahoma*, No. CIV-09-744-D, 2010 WL 1448856, at *2 (W.D. Okla. Apr. 8, 2010) ("Dismissal is with prejudice because a § 1983 claim applies only to a person; the individuals sued in their official capacities and the State and its agencies are not persons for purposes of § 1983 . . . ."), *aff'd*, 398 F. App'x 339, 341–42 (10th Cir. 2010) (unpublished) (affirming the dismissal of the plaintiff's § 1983 claims with prejudice).

When a plaintiff brings a § 1983 action against various government agencies and state actors in their individual capacities, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Thus, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)). The Court agrees with the R. & R. that Loveless has failed to state a particularized claim for any constitutional violation committed by the Court Clerk. Loveless's objection does not change this conclusion, as it is not clear how the Court Clerk violated Loveless's rights by reporting information to Defendant Sifers. Loveless alleges that the Court Clerk violated Oklahoma's "Court Clerk Act" [Doc. No. 10 at 15] (citing 21 Okla. Stat. § 345), but a violation of state law does not give rise to a § 1983 action. Accordingly, the Court dismisses Loveless's claims against the Court Clerk without prejudice for failure to state a claim. *See Robbins*, 519 F.3d at 1253–54 (reversing and remanding "with instructions to DISMISS the complaint without prejudice for failure to state a claim on which relief can be granted").

C.    **Defendants Sifers and Hicks have prosecutorial immunity, and Loveless has failed to state a claim based on functions for which Defendants Sifers and Hicks are not immune.**

Judge Maxfield recommends dismissing Loveless's claims against Defendants Sifers and Hicks in their individual capacities because they are immune from claims arising from their functions that are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and Loveless has failed to state a claim based on any other functions performed by Defendants Sifers and Hicks. R. & R. at 10–12. Loveless objects that Defendants Sifers and Hicks are not entitled to immunity because they "purposefully withheld exculpatory information willfully to get a conviction and manipulate and provide emotional distress on Plaintiff." [Doc. No. 10 at 18]. Loveless avers that "discovery will provide[] additional claims of false arrest, malicious prosecution and conspiracy." *Id.* at 22.

Prosecutors are entitled to absolute immunity from monetary damages for their activities that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Such functions include prosecutors' "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009). Absolute prosecutorial immunity extends to a prosecutor's "deliberate withholding of exculpatory information." *Imbler*, 424 U.S. at 431 n.34. But "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). When prosecutors make

comments to the media, *id.* at 277, or act as a complaining witness, they are not entitled to absolute immunity because they are not "performing the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

Loveless alleges that Defendants Sifers and Hicks withheld exculpatory information and decided to prosecute him without probable cause. These claims implicate Defendants Sifers and Hicks's traditional functions as advocates, so they are barred by Defendants Sifers and Hicks's absolute prosecutorial immunity. These claims—and any others implicating Defendants Sifers and Hicks's roles as advocates—are dismissed with prejudice. *See Glaser v. City & Cnty. of Denver*, 557 F. App'x 689, 705–06 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice based on prosecutorial immunity).

As for Loveless's allegations that Defendants Sifers and Hicks made false statements in furtherance of their malicious prosecution of Mr. Loveless and in support of the motion to revoke Loveless's bond, as well as Loveless's allegations that they made "extrajudicial comments that have substantial likelihood of heightening public condemnation" of Mr. Loveless, the Court agrees with Judge Maxfield that absolute prosecutorial immunity does not extend to such conduct. Nevertheless, the Court agrees with the R. & R.'s conclusion that these allegations do not state a claim against Defendants Hicks and Sifers. Loveless does not specify what statements Defendants Sifers and Hicks allegedly made, nor does he allege how these specific statements violated his constitutional rights. Without such allegations, it is not clear "*who* is alleged to have done *what* to *whom*," so Loveless has failed to state a claim on these grounds.

*Robbins*, 519 F.3d at 1250. Although Loveless argues that discovery will uncover additional factual allegations against these defendants, "a plaintiff armed with nothing more than conclusions" may not "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process . . . ."). Therefore, Loveless's claims arising from his allegations that Defendants Sifers and Hicks made false statements and disparaging public comments are dismissed without prejudice for failure to state a claim.

### D.    The Court dismisses all claims against Defendant Peek.

Regarding Loveless's claims against Defendant Peek, Judge Maxfield recommends dismissing the false arrest claim because it is barred by Loveless's guilty plea, dismissing the unreasonable search claim because it is *Heck*-barred, and declining to exercise supplemental jurisdiction over the remaining state-law claims.[6] R. & R. at 12–16. Loveless argues that he has withdrawn his guilty plea in all of the state proceedings

---

[6] As Judge Maxfield notes, Loveless sues Defendant Peek in his individual and official capacities, and the official capacity suit against him functions as a suit against Grady County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."). "Proper analysis" of a § 1983 claim asserted against a county requires the Court to consider two separate issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the [local government entity] is responsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Because, for the reasons stated herein, Loveless fails to state a claim for a constitutional violation, his suit fails against Defendant Peek in both his individual and official capacities.

against him and has filed an appeal challenging his guilty plea, so his false arrest claim is not barred. [Doc. No. 10 at 2–4, 29]. As for the unlawful search claim, Loveless argues that Defendant Peek violated the Fourth Amendment "when under color of state law [he] illegally served search warrant at 0115 a.m., when he was aware search warrant would not meet criteria of O.S. title 22 sections 1–4." *Id.* at 9.

### 1. *Loveless's guilty plea bars his false arrest claim.*

Loveless pleaded guilty in state court to charges of trafficking in illegal drugs, possessing a controlled dangerous substance with intent to distribute, and intimidating a witness. *Supra* n.1. Although Loveless filed a motion to withdraw his guilty plea in both of his cases, the state trial court overruled that motion, and his appeal has been rejected. *See Loveless v. State*, Case No. C-2024-00827 (Okla. Crim. App.), available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=C-2024-827&cmid=138775 (last accessed Feb. 28, 2026) (summary opinion denying certiorari and affirming district court's ruling and judgment and sentence, along with issuance of mandate on August 7, 2025). Applying Oklahoma law, the Tenth Circuit has held that a guilty plea, which "'admit[s] the validity of th[e] charges,' . . . . and the consequent adjudication of guilt thereon, estop the defendant from later disputing the validity of those charges as a basis to deny the existence of probable cause for his arrest." *Jackson v. Loftis*, 189 F. App'x 775, 779 (10th Cir. 2006) (unpublished) (alterations in original) (quoting *Delong v. State ex rel. Okla. Dep't of Pub. Safety*, 1998 OK CIV APP 32, ¶ 7, 956 P.2d 937, 939). Thus, a plaintiff cannot bring a § 1983 action alleging he was falsely arrested on charges to which he pleaded guilty in state court. *Id.* at 779–80 ("Plaintiff

cannot now challenge the existence of probable cause for, and hence the validity of, his arrest on charges he conclusively admitted were valid."). Because Loveless has pleaded guilty to the charges against him, the Court agrees with the R. & R. that he cannot challenge the validity of those charges, including the existence of probable cause to support them, through a false arrest claim. Accordingly, Loveless's false arrest claim against Defendant Peek is dismissed without prejudice.

### 2. *Loveless's unreasonable search claim is* Heck-*barred.*

"[W]hen a state prisoner seeks damages in a § 1983 suit" and "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]" then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* bars § 1983 claims for unlawful searches and seizures if the plaintiff "could not have been convicted" without the evidence discovered during the allegedly unlawful search. *Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) ("Without the unlawfully seized evidence, it is abundantly clear that Garza could not have been convicted, and thus a declaration that the search was unconstitutional would undermine the convictions.").

The Court agrees with Judge Maxfield's conclusion that Loveless's unlawful search claim against Defendant Peek necessarily implies the invalidity of his conviction for trafficking in illegal drugs and possessing a controlled dangerous substance with intent to distribute. *See* R. & R. at 14–15. The evidence found during the allegedly "bogus" search was integral to Loveless's conviction, which prosecutors would not have

obtained without the evidence discovered in the search Loveless now challenges.

Loveless's convictions have not been invalidated. Therefore, *Heck* bars his Fourth

Amendment claim against Defendant Peek; the Court dismisses this claim without

prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a

§ 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

### 3. *The Court declines to exercise supplemental jurisdiction over Loveless's state-law claims.*

Loveless raises various claims under Oklahoma statutes and the Oklahoma

constitution. [Doc. No. 1 at 19–23]. The Court declines to exercise supplemental

jurisdiction over these claims because the Court has dismissed all federal claims over

which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel.

Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have

been dismissed, the court may, and usually should, decline to exercise jurisdiction over

any remaining state claims.").

## IV.  <u>CONCLUSION</u>

The Court ACCEPTS the Report and Recommendation [Doc. No. 9] as modified

by this Order and DISMISSES Loveless's complaint in its entirety. Loveless's claims

against the Sheriff's Office, the District Attorney's Office, and Defendants Sifers and

Hicks in their official capacities are dismissed with prejudice, as are Loveless's claims

against Defendants Sifers and Hicks in their individual capacities based on allegations

that they withheld exculpatory information and decided to prosecute Loveless without

probable cause. All other claims are dismissed without prejudice. A separate judgment

will follow.

IT IS SO ORDERED this 28th day of February 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE